UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS LOU NELSON, JR., | Case No.: 1:23-cv-00633-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| TRATE, Warden, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |
| | [21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Bureau of Prisons at the Federal Correctional Institution in Atwater, California. He filed the instant federal petition on April 25, 2023. Upon review of the petition, the Court finds it lacks jurisdiction. Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e) which would permit consideration of his § 2241 petition. Therefore, the Court will recommend that the instant petition be DISMISSED.

/////

/////

/////

/////

/////

# BACKGROUND[1]

I.  Factual Background[2]

In the early morning hours on July 5, 2016, Petitioner shot his longtime girlfriend, Priya Patel, in the face while she was driving on a highway in Oklahoma City, destroying her eyes and optic nerves and causing permanent blindness.

The couple had spent the July 4th holiday with Petitioner's sister, who made them leave the house late that night after a family fight. They got into a car with a loaded .45-caliber handgun, with the victim behind the wheel and Petitioner in the front passenger seat. Sometime after midnight, while the victim was driving, the couple got into an argument and Petitioner shot her in the face. Unable to see, she pulled over to the side of the road, where they both exited the car. Two Good Samaritans found the victim walking on the side of the highway around 2:00 a.m. with extensive eye injuries. She told them, and later the police, that Petitioner had shot her. Petitioner left the scene, and law enforcement officers apprehended him after searching the area. He initially told the police they had picked up a drug-dealing stranger, who shot the victim while trying to rob them; however, at trial Petitioner testified that he shot the victim by accident. Law enforcement never located the firearm, but they found a single, .45-caliber shell casing on the floorboard of the vehicle's front passenger side.

The victim testified during the state-court preliminary hearing that Petitioner had forced her into the car with his own gun, directed her to drive him to several locations at gunpoint, refused to let her leave the car, and shot her after making threatening remarks and accusing her of cheating on him.

II.  Procedural Background

A federal grand jury indicted Petitioner on four counts: being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1); carjacking resulting in serious injury in violation of 18 U.S.C. § 2119 (Count 2); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 3);

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court hereby takes judicial notice of the opinions of the United State Court of Appeal, Tenth Appellate District, affirming judgment, and the United States District Court, Western District of Oklahoma, denying Petitioner's 28 U.S.C. § 2255 motion to vacate conviction. See United States v. Nelson, 801 Fed.Appx. 652, 2020 WL 1320883 (10th Cir. 2020); United States v. Nelson, 2021 WL 1700058 (W.D. Okla. 2021).

[2] The factual background is taken from the Tenth Circuit Court of Appeals' opinion in Nelson, 801 Fed.Appx. at 655.

and use and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). After a three-day trial, a jury found Petitioner guilty on all counts. The district court sentenced him to 480 months' imprisonment: 120 months for Count 1, 300 months for Count 2, and 360 months for Count 3, running concurrently; and 120 months for Count 4, running consecutively.

Petitioner appealed his conviction and sentence to the Tenth Circuit Court of Appeals, which affirmed the sentencing court's judgment. Petitioner argued, *inter alia*, that the district court erred when it relied on Petitioner's kidnapping conviction to support his § 924(c) conviction and to enhance his sentence under the career-offender guideline. Nelson, 801 Fed.Appx. at 656. The Tenth Circuit determined that, assuming the district court erred in treating kidnapping as a qualifying crime of violence under § 924(c), the error was harmless. Id. at 660. This Court reasoned that the § 924(c) conviction was based on both carjacking and kidnapping and the jury had specifically found that the firearm was used during kidnapping and carjacking. Id. at 661. Since carjacking was a crime of violence, see United States v. Brown, 200 F.3d 700, 706 (10th Cir. 1999) (holding that carjacking is categorically a crime of violence), the outcome would have been the same regardless of whether the kidnapping constituted a crime of violence. Id.

Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct the sentence. Nelson, 2021 WL 1700058. Petitioner argued his counsel was ineffective in various ways. The motion was denied on April 29, 2021. Id.

On June 21, 2022, Petitioner filed a request for permission to file a successive § 2255 motion. See United States v. Nelson, Case No. 5:18-cr-00130-C-1 (W.D. Okla.) (ECF 92). Petitioner contended his claims relied on a new decision by the Supreme Court in United States v. Borden, 141 S.Ct. 1817 (2021). He argued that, in light of Borden, he should be permitted to challenge his convictions for carjacking and kidnapping. On July 8, 2022, the Tenth Circuit denied authorization to file a successive § 2255 motion, because Borden did not announce a new rule of constitutional law. Nelson, 2021 WL 1700058.

On September 6, 2022, Petitioner filed another petition to file a successive § 2255 motion in the Tenth Circuit Court of Appeals. See Nelson, Case No. 5:18-cr-00130-C-1 (ECF 95). On September 22, 2022, the Tenth Circuit denied authorization. Id. (ECF 97.)

On April 25, 2023, Petitioner filed the instant habeas petition. He contends that he should be permitted to collaterally attack his conviction via § 2241, because the law has changed since his previous § 2255 motion was denied, and he does not have an adequate or effective remedy to present his claim. For reasons discussed below, the Court finds that Petitioner fails to satisfy the savings clause, and the petition should be dismissed for lack of jurisdiction.

## DISCUSSION

I.  Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (*per curiam*). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255);

4

see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963). Here, Petitioner fails to satisfy the savings clause because he fails to present a claim of actual innocence and he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

A.   Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id.

Here, Petitioner fails to make out a *prima facie* case of actual innocence. In his first claim, Petitioner alleges he is actually innocent of carjacking. He claims that he could not be convicted of carjacking a car that also belonged to him. This claim was rejected by the Oklahoma District Court in Petitioner's first § 2255 proceeding. The court noted that Petitioner raised this argument at trial, but it was denied.

In his second claim, Petitioner argues that he is actually innocent of the § 924(c) enhancement. He contends that kidnapping is not a crime of violence for purposes of the § 924(c) provisions. This claim was already addressed in Petitioner's direct appeal to the Tenth Circuit. In denying the claim, the Tenth Circuit ruled that the error was harmless. Noting that the jury had determined Petitioner had used a gun during the carjacking, and carjacking is categorically a crime of violence, the outcome would have been the same regardless of the kidnapping charge. To the extent that Petitioner relies on Borden in attacking his carjacking conviction, his claim is meritless. In Borden, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a violent felony under the elements clause of § 924(c). Borden, 141 S.Ct. at 1822. Carjacking, however, does not require only a *mens rea* of recklessness. The relevant statute, 18 U.S.C. § 2119, defines carjacking as: "[w]hoever, with intent to cause death or serious bodily harm, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, . . . ." The mental state of recklessness does not suffice for conviction. Rather, the statute requires an intentional violent act. Thus, Borden is inapplicable here.

In his third ground for relief, Petitioner claims he is actually innocent because he did not possess the mental state required for conviction. He claims he did not knowingly and intentionally commit the acts alleged in counts two (carjacking) and three (kidnapping). He points to evidence that he had ingested mind-altering substances and could not possess the required mental states. This evidence was presented at trial as part of Petitioner's defense and rejected by the jury. Nelson, 801 Fed.Appx. at 655.

Petitioner fails to make a plausible showing of actual innocence and thus fails to satisfy the first prong of the § 2255 escape hatch. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

B.      Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from

raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Here, Petitioner has had unobstructed procedural opportunities to present his claims. In fact, his claims have already been presented to the court of conviction and the Tenth Circuit in his various appeals and motions. To the extent he attempts to bring claims related to these prior claims, they could and should have been raised in his various actions prior to this case. Petitioner offers no reason why these additional claims could not have been raised sooner.

Petitioner also claims that the legal landscape has changed such that his claims are now cognizable. As previously discussed, Petitioner does not demonstrate that the legal landscape changed in any way material to his case. He cites to Borden v. United States, 141 S.Ct. 1817 (2021), but Borden is inapplicable because Petitioner was not convicted of a criminal offense that required only a *mens rea* of recklessness. Petitioner also cites to Ruan v. United States, 142 S.Ct. 2370 (2022). In Ruan, two doctors were "convicted under [21 U.S.C.] § 841 for dispensing controlled substances not 'as authorized.'" Id. at 2375. The Court held that "the statute's 'knowingly or intentionally' *mens rea* applies to authorization," which means that "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." Id. Petitioner does not show how Ruan applies in his case or changed the legal landscape in any way relevant to him.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

/////

/////

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2023**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE